## HEWETT *v.* ROBERTSON.

1. Where, upon the trial of a case before a jury in a justice's court, the jury renders a verdict against the defendant and requests the magistrate to decide which party shall bear the costs, and no exception is taken to such request, the party against whom the costs are taxed may review the judgment of the magistrate by writ of certiorari.

2. The error complained of in the writ of certiorari being an error of law which governs the case, it was proper for the judge of the superior court to render final judgment thereon. Civil Code, § 4652.

Submitted December 5, 1905.—Decided February 19, 1906.

Certiorari. Before Judge Russell. Gwinnett superior court. March 6, 1905.

*N. L. Hutchins,* for plaintiff in error.

Beck, J. This case was tried before a jury on appeal in a justice's court, and it rendered a verdict against the defendant for eight dollars and requested the justice to place the costs where, in his opinion, they rightfully belonged; whereupon the magistrate rendered judgment against the plaintiff for the costs. The plaintiff carried the case to the superior court by writ of certiorari, complaining of the judgment against him for costs. The certiorari was sustained, and the court directed that the judgment complained of be set aside, and that judgment for costs be entered up against the defendant; to which the defendant excepted on the ground that the certiorari was a nullity, because it complained of the judgment of the magistrate and not of the verdict of the jury; and on the additional ground that the court should have returned the case for a new trial, instead of rendering final judgment.

1. While it is true that it is to the verdict of the jury, in appeal cases in justice's courts, that the writ of certiorari is directed, and that the statute begins to run from the date of the verdict rather than from the date of the judgment entered thereupon, yet where the jury requests the magistrate to determine which party shall bear the costs, and no objection is taken to such request, it would defeat the ends of justice to hold that the party against whom the costs are taxed can not have the judgment of the justice reviewed. Moreover it is expressly said by our statute, that "when either party, in any cause in a justice's court, . . shall be dissatisfied with the decision or judgment in such cause, such party may apply for and obtain a writ of certiorari by petition to the superior court," etc.

Civil Code, §4637. And this would seem to be broad enough to cover the case now under consideration.

2. The second headnote fully covers the only other question made in the case.

*Judgment affirmed.   All the Justices concur, except Atkinson, J., who did not preside.*